Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PRIME PROPERTY & CASUALTY
INSURANCE INC.,

*Plaintiff,*

v.

FREIGHTWAY LOGISTICS LLC, et al.,

*Defendants.*

Civil Action No. 18-15681

**OPINION**

## John Michael Vazquez, U.S.D.J.

Currently pending before the Court is the motion by Defendant Certain Underwriters at Lloyd's, London ("Certain Underwriters" or "Defendant") to dismiss Plaintiff Prime Property & Casualty Insurance Co.'s ("Prime" or "Plaintiff") Complaint as to Certain Underwriters pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 15. Plaintiff filed a brief in opposition, D.E. 22, to which Certain Underwriters replied, D.E. 23.[1] The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Certain Underwriters' motion is **GRANTED**.

---

[1] Certain Underwriters' brief in support of its motion, D.E. 15-2, will be referred to as "Def. Br."; Plaintiff's brief in opposition, D.E. 22, will be referred to as "Plf. Opp."; and Certain Underwriters' reply brief, D.E. 23, will be referred to as "Def. Reply".

## I. FACTUAL[2] & PROCEDURAL BACKGROUND

Prime Property issued a commercial motor vehicle insurance policy (the "Policy") to Defendant Freightway Logistics LLC ("Freightway") on December 14, 2017. Compl. ¶ 18; *see also* Compl., Ex. A. The Policy only covered scheduled drivers and vehicles. *Id.* ¶ 17. The Policy included a "Scheduled Drivers Endorsement" that identified ten individuals as scheduled drivers who were covered under the policy, *id.* ¶ 20, and incorporated policy form ACA-99-04, which identified twenty-two covered motor vehicles, *id.* ¶ 22. On December 13, 2017, Freightway signed the "Loss Adjustment and Collateral Agreement as to Contingent Risks" ("Loss Adjustment Agreement"). *Id.* ¶¶ 25, 30; *see also* Compl., Ex. B. Pursuant to the Loss Adjustment Agreement, Freightway agreed to "indemnify, defend and hold [Prime] harmless with respect to any and all accidents, losses or claims of whatever kind, occurring and arising during the term of the Policy, to the extent of any payment made by [Prime] on account of a Non-Covered Claim." *Id.* ¶ 25. "[A]ll claims as to non-scheduled drivers or autos will qualify as Non-Covered Claims for purposes of [the Policy]." *Id.* ¶ 26.

Defendant Jacinto Barrera a.k.a. Jacinto Zeas-Barrera is the owner of a Peterbilt tractor trailer (the "Barrera tractor trailer"), which he allegedly used to haul freight. *Id.* ¶¶ 39-40. On January 22, 2018, Barrera and Freightway entered into a lease agreement through which Barrera agreed to provide a "tractor and/or trailer, and all other equipment incident to his performing hauling services under this contract." *Id.* ¶ 42; *see also* Compl., Ex. E. The lease further provided that Barrera will "commit such tractor, trailer and equipment to the exclusive use of [Freightway],

---

[2] The Court draws the following facts from Plaintiff's Complaint, D.E. 1, which are taken as true for the purposes of the current motion. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). The Court also relies on documents Plaintiff attached as exhibits to its pleading. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

as needed for the duration of the lease." *Id.*; Compl., Ex. E. The lease states that Barrera is an independent contractor, "shall not be an employee for the [Freightway] for any reason," and that he "shall have absolute discretion with respect to the manner and method of performing hauling services pursuant to this agreement." *Id.*, Ex. E at 2. Finally, through the lease, Freightway agreed "to provide and pay the cost of primary liability and cargo insurance on the vehicles operated by the Company." *Id.* at 3. Barrera, however, was required to "provide evidence of non-trucking liability insurance." *Id.* at 4. Freightway did not initially seek to add Barrera as a covered driver or the Barrera tractor trailer as a covered vehicle under the Policy. Compl. ¶¶ 43-44, 48.

On February 21, 2018, Barrera, while he was operating the Barrera tractor trailer, was involved in an accident with Raven Barzda. Ms. Barzda died as a result of injuries sustained during the accident. *Id.* ¶¶ 45-47. Ellen Barzda as executor of the Estate of Raven Barzda (the "Barzda Estate") is a Defendant in this matter. *Id.* ¶ 7. After the accident occurred and without informing Prime of the accident, Freightway's insurance broker sent an email to Prime requesting that Barrera be added to the Policy as a scheduled driver and that the Barrera tractor trailer be added as a covered auto. *Id.* ¶ 49. The following day, February 22, 2018, Freightway's broker submitted a notice of loss form for the accident that included the VIN number for the Barrera tractor trailer. *Id.* ¶ 52.

On April 19, 2018, Prime learned that the Barzda Estate was pursuing claims against Freightway and Barrera in New Jersey state court. *Id.* ¶ 53; *see also* Def. Br., Ex. E. Then, on April 30, 2018, Prime was informed by the Barzda Estate's attorney that Barrera had "Non-Trucking Liability" insurance policies with Continental Insurance Agency, Inc. that were "maintained" by Certain Underwriters. *Id.* ¶ 54. These policies may provide coverage to Barrera and Freightway for the claims asserted in the Barzda Estate's litigation. *Id.* ¶ 56.

3

On November 5, 2018, Prime filed this suit seeking a declaratory judgment as to the rights and obligations under the Policy and Barrera's Certain Underwriters' policies. In Count Two, which is the sole claim asserted against Certain Underwriters, Prime seeks a declaratory judgment as to whether Certain Underwriters has a duty to defend or indemnify Barrera and Freightway pursuant to Barrera's Non-Trucking Liability policies. *Id.* ¶¶ 62-64.

Certain Underwriters filed this motion to dismiss, arguing that the Complaint should be dismissed in its entirety as to Certain Underwriters because the policies it issued to Barrera do not provide coverage for the Barzda Estate's claims in the underlying state court litigation. D.E. 15.

## II. STANDARD OF REVIEW

Certain Underwriters seeks dismissal pursuant to Rule 12(b)(6). Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand

4

a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III. ANALYSIS

Certain Underwriters argues that the claims asserted against it should be dismissed because they are not plausibly pled. Def. Br. at 10-11. As discussed, Prime seeks a declaratory judgment in Count Two stating that Certain Underwriters has a duty to defend and/or indemnify Barrera and Freightway in the Barzda Estate's state court matter. Thus, to state a claim, Prime must plausibly plead facts (1) that establish what claims the Barzda Estate asserts in the underlying state court action; and (2) that Certain Underwriters' policies create a duty for Certain Underwriters to defend and/or indemnify those claims. Prime's Complaint fails to plead sufficient facts as to either. Prime only pleads that it received a letter from the Barzda Estate's attorney that informed Prime of the claims, Compl. ¶ 53, and that Certain Underwriters issued policies that "may afford coverage" to Barrera or Freightway, *id.* ¶ 56.[3] Thus, Count Two is dismissed pursuant to Rule 12(b)(6).

---

[3] Certain Underwriters includes the relevant Certain Underwriters' policies, in addition to documents filed in the underlying state court litigation as exhibits to its motion to dismiss. Def. Br., Exs. A-D. Certain Underwriters contends that the Court can consider these documents at the motion to dismiss stage.

In deciding a motion to dismiss, a court ordinarily considers only the factual allegations, exhibits attached to the complaint, and matters of public record. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Certain Underwriters relies on documents filed in the state court matter to establish how the February 21 accident occurred and, therefore, that there is no coverage under the policies for Barrera or Freightway. *See, e.g.*, Def. Br. at 5 (citing Def. Br., Ex. 1). Prime counters that these documents cannot be considered in a Rule 12(b)(6) motion to dismiss. Plf. Opp. at 7-8. A court may take judicial notice of documents filed in other court proceedings because they are matters of public record. *Liberty Int'l Underwriters Can. v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013) (taking judicial notice of stipulation and assignment agreement that was filed in state court). A court cannot, however, rely on these public records to establish facts. *Lum*, 361 F.3d at 221 n.3 ("While a prior judicial opinion constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion."). Thus, the Court may take judicial notice that the Barzda Estate has asserted claims in New Jersey state court, but the Court cannot rely on any documents filed in the state court litigation to establish what is

## IV. CONCLUSION

For the foregoing reasons, Defendant Certain Underwriters at Lloyd's, London's motion to dismiss, D.E. 15, is **GRANTED**. Certain Underwriters at Lloyd's, London is dismissed as a Defendant without prejudice. Plaintiff is provided with thirty (30) days to file an amended complaint that cures the deficiencies noted herein. An appropriate Order accompanies this Opinion.

Dated: December 19, 2019

John Michael Vazquez, U.S.D.J.

---

asserted in those documents -- here, the circumstances of the February 21 accident.

A court may also rely on "a document *integral to or explicitly relied* upon in the complaint" in a Rule 12(b)(6) motion. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis in original) (citation omitted). A document is integral if a "claim would not exist but-for the existence of the document." *Dix v. Total Petrochemicals USA, Inc.*, No. 10-3196, 2011 WL 2474215, at *1 (D.N.J. June 20, 2011). Here, Count Two would not exist without the Certain Underwriters' policies. Accordingly, Exhibits A through D of Certain Underwriters' motion to dismiss are integral to the pleading and can be considered by the Court at this time. However, because Plaintiff's Count Two is not plausibly pled, the Court does not reach an analysis of Certain Underwriters' policies.

6